# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANGELA EDMONDSON, | |
| Plaintiff, | Civil Action No.: |
| | FLSA Action |
| v. | |
| THE HOME DEPOT, INC. | |
| A Delaware Corporation, | Jury Trial Demanded |
| Defendant. | |

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff Angela Edmondson ("Plaintiff") by and through her undersigned counsel files Complaint against Defendant The Home Depot, Inc. ("Defendant") pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended ("FLSA"), and in support thereof would further state as follows:

### INTRODUCTION

1. Plaintiff files this Complaint in response to Defendant's violations of Plaintiff's rights under the FLSA for failure to pay Plaintiff her rightful overtime wages and thus, Plaintiff seeks unpaid overtime wages, liquidated damages, and reasonably attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

3. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 (b) (1) and (2) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendant is located in this District and is subject to personal jurisdiction in this District.

## PARTIES

4. Plaintiff resides in Douglasville, Georgia, Douglas County, (within this District) and is a citizen of the United States.

5. At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States. Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which she was employed by Defendant.

6. Defendant is a corporation formed under the laws of the State of Delaware.

7. Defendant conducts business within this State and District and throughout the country.

8. For purposes of this lawsuit, Defendant can be served through its registered agent, CSC of Cobb County, Inc., 192 Anderson Street S.E., Suite 125, Marietta, Georgia 30060.

9. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

10. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

11. Defendant is a home improvement supplies retailing company that sells tools, construction products, and services. Defendant is headquartered at the Atlanta Store Support Center in unincorporated Cobb County, Georgia.

12. Defendant employed Plaintiff from February 2010 through November 20, 2018. Plaintiff's most recent position was as Business Analyst within the Human Resources (HR) department from August 2015 through November 20, 2018. This lawsuit relates to Plaintiff's employment in her role as Business Analyst.

13. Defendant maintained either actual or constructive control, oversight and direction of Plaintiff as Business Analyst, including the employment and pay and other practices.

14. At all times relevant to this action, the primary duty of Plaintiff was to meet with business partners within the organization, *e.g.* managers, to determine HR content for Defendant's intranet as well as respond to portal requests for changes in HR content on Defendant's intranet and make the requested changes.

15. At all times relevant to this action, the primary duty of Plaintiff was not the management of the enterprise in which she was employed, nor of a customarily recognized department or subdivision thereof.

16. At all times relevant to this action, Plaintiff was not responsible for customarily and regularly directing the work of two or more other employees.

17. At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

18. At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities she performed.

19. Typically, Plaintiff was scheduled to work Monday through Friday.

20. During a typical workweek, Plaintiff would meet with internal business partners and document content that the business partners wanted added to the HR portion of Defendant's intranet related to HR processes. This may require Plaintiff to meet with the business partners over the course of 2-6 weeks or longer.

21. Additionally, on a daily basis, Plaintiff would receive content submissions from business partners that she was required to move into production on Defendant's intranet.

22. Defendant required Plaintiff to regularly work more than 40 hours a week.

23. Defendant was aware that Plaintiff worked over 40 hours per week to complete her work but did not compensate her pursuant to the requirements of the FLSA.

24. At all times relevant to this action, Defendant paid Plaintiff on a salary basis but did not compensate Plaintiff for time worked in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which she was employed.

25. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

26. Defendant failed to meet the requirements for paying Plaintiff at a rate of not less than one and one-half times the regular rate at which she was employed and at which she was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

27. Defendant is liable to Plaintiff for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times her regular rate at which she was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

28. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff suffered damages plus incurring costs and reasonable attorneys' fees.

29. As a result of Defendant's failure to act with good faith in compensating Plaintiff, she is entitled to liquidated damages.

30. Plaintiff has retained the undersigned counsel to her and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

31. Plaintiff demands a jury trial.

## COUNT I

32. Plaintiff repeats and incorporates by reference all Paragraphs above. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

33. Defendant has willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203 and 207 of the FLSA.

34. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime wages in accordance with §§ 203 and 207 of the FLSA.

35. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

36. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial and is entitled to recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation and relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. That Plaintiff be awarded damages for the three years preceding the filing of this Complaint in the amount of her respective unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded pre- and post-judgment interest;

C. That Plaintiff be awarded reasonable attorneys' fees;

D. That Plaintiff be awarded the costs and expenses of this action; and

E. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 19th day of December, 2018.

MARTIN & MARTIN, LLP

By: *Kimberly N. Martin*
Kimberly N. Martin
kmartin@martinandmartinlaw.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartin@martinandmartinlaw.com
Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-10170
(404) 313-5538/ (770) 837–2678 Fax