UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANGELA A. EDMONDSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:18-cv-05815-LMM |
| ) | |
| THE HOME DEPOT, INC. ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT THE HOME DEPOT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Home Depot, Inc.[1] ("Defendant"), by and through its undersigned counsel, file its Answer to Plaintiff Angela Edmondson's ("Plaintiff" or "Edmondson") Complaint as follows:

## INTRODUCTORY STATEMENT

Defendant acknowledges that Plaintiff has filed a Complaint against Defendant pursuant to the Fair Labor Standards Act ("FLSA"). Defendant denies that Plaintiff is entitled to any relief under the FLSA or that Defendant has violated the FLSA.

---

[1] Plaintiff's former employer is incorrectly identified as "The Home Depot, Inc." The correct name of the employing entity is Home Depot Store Support, Inc.

## INTRODUCTORY ALLEGATIONS

1. Defendant acknowledges that Plaintiff has filed this Complaint. Defendant denies that it has violated Plaintiff's rights under the FLSA. Defendant denies that it has failed to pay Plaintiff any wages owed. Defendant acknowledges that Plaintiffs seeks the remedies listed in paragraph 1 of Plaintiff's Complaint. Defendant denies that Plaintiff is entitled to recover any such remedies from Defendant.

## ALLEGATIONS AS TO JURISDICTION AND VENUE

2. Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

## ALLEGATIONS AS TO PARTIES

4. Defendant lacks sufficient information to affirm or deny whether Plaintiff resides in Douglasville, Georgia and whether Plaintiff is a citizen of the United States. Defendant admits that Douglasville is within this District.

5. Defendant denies that the allegations contained in paragraph 5 of Plaintiff's Complaint are true "at all times material to this action." Defendant admits the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

## **FACTUAL ALLEGATIONS**

11. Defendant admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendant admits the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant admits the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant admits the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant admits the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant admits that Plaintiff performed the duties contained in paragraph 20 of Plaintiff's Complaint.

21. Defendant admits that Plaintiff performed the duties contained in paragraph 21 of Plaintiff's Complaint.  Defendant denies that Plaintiff performed these duties on a daily basis.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendant admits the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 31 of Plaintiff's Complaint.

## ALLEGATIONS AS TO COUNT I

32. Defendant re-alleges and incorporates by reference each and every response set forth in paragraphs 1-31 of this Answer.

33. Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

## **PRAYER FOR RELIEF**

The remainder of the Complaint is a prayer for relief requiring neither an admission or denial by Defendant.  To the extent, however, the prayer gives rise to any inference such relief is proper or that Plaintiff is entitled to any remedy or relief from Defendant, such inference is denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief whatsoever under the allegations set forth in the Complaint.  Defendant requests that the Court dismiss the claims with prejudice in their entirety and that Defendant be awarded costs, non-taxable expenses, taxable costs, interests on those amounts as provided by law and such further relief that this Court may deem appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses.  In asserting these defenses, Defendant does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiff.

## FIRST DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff has failed to plead a *prima facie* case arising under the FLSA.

## THIRD DEFENSE

Plaintiff's claims under the FLSA are barred to the extent that Defendant's actions have been taken in good faith, in conformity with, and reliance upon established rulings, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

## FOURTH DEFENSE

Plaintiff's claims under the FLSA are barred to the extent that Plaintiff seeks damages beyond the applicable limitations period.

**FIFTH DEFENSE**

Plaintiff's claims are barred to the extent that Plaintiff cannot establish that any acts or omissions of Defendant was willful under the FLSA.

**SIXTH DEFENSE**

Plaintiff's claims under the FLSA are barred to the extent that Plaintiff submits false and inaccurate time records or statements of her hours of work.  In such situations, Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and unclean hands.

**SEVENTH DEFENSE**

Defendant's actions have been taken in good faith and based upon reasonable grounds for believing that such actions were not in violation of the FLSA within the meaning of 29 U.S.C. § 260.  Defendant's good faith defense to liquidated damages is specifically based upon Department of Labor regulations, opinions and interpretations of the FLSA by the Department of Labor and any other government agencies and applicable case law.

**EIGHTH DEFENSE**

Plaintiff's claims for overtime are barred because Plaintiff is exempt from the FLSA's overtime requirements under 29 U.S.C. § 213(a)(1).

## NINTH DEFENSE

Even if the allegations contained in Plaintiff's Complaint are true (which they are not), Plaintiff is only entitled to half-time for all hours worked over 40 rather than time-and-a-half because Plaintiff's salary was earned over all hours worked.

## TENTH DEFENSE

Because Plaintiff's Complaint is phrased in conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

Defendant reserves the right to amend this Answer, to add any affirmative or other defenses, or to withdraw defenses as deemed warranted after reasonable opportunity for discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully request:

(1) judgment entered in favor of Defendant and this action dismissed with prejudice;

(2) judgment entered in favor of Defendant for all costs and attorneys' fees incurred by it in the defense of this action; and

(3) such other and further relief as this Court may deem just and proper.

DATED this 28th day of February, 2019.

        Respectfully submitted,

        */s/ Eric Magnus*
        Eric R. Magnus
        JACKSON LEWIS P.C.
        Georgia Bar No. 801405
        171 17th St. NW
        Suite 1200
        Atlanta, Georgia 30363
        Phone: (404) 525-8200
        Fax: (404) 525-1173
        magnuse@jacksonlewis.com

        Attorney for Defendant The Home Depot, Inc.

## **<u>CERTIFICATION</u>**

In accordance with LR 5.1C, N.D. Ga., I hereby certify that this document has been prepared in 14 point, Times New Roman font.

<u>/s/ Eric R. Magnus</u><br>
Eric R. Magnus<br>
Georgia Bar No. 801405

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANGELA A. EDMONDSON, <br><br> Plaintiff, <br><br> vs. <br><br> THE HOME DEPOT, INC. <br><br> Defendant. | Case No. 1:18-cv-05815-LMM |

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2019, a copy of the foregoing **DEFENDANT THE HOME DEPOT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** was filed with the Clerk of the Court via the Case Management/Electronic Court Filing system which will automatically send an email notification of such filing to the following counsel of record:

> Kimberly N. Martin
> Thomas F. Martin
> MARTIN & MARTIN, LLP
> Post Office Box 1070
> Tucker, Georgia 30085-10170

> */s/ Eric Magnus*
> Eric R. Magnus
> Georgia Bar. No. 801405

4849-4406-5161, v. 2